# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Capital Resources, LLC,**

      **Plaintiff,**

**v.**                                            Case No. 08-2612-JWL

**Anthony J. Pointer,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed this diversity suit against defendant asserting a breach of contract claim arising out of defendant's alleged breach of a commercial loan agreement. After defendant failed to file an answer or otherwise respond to plaintiff's complaint, the clerk of the court entered default pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff now moves the court for default judgment in the amount of $603,973.30, including attorneys' fees in the amount of $4624.69. The motion is granted.

A court may enter a default judgment without a hearing if the "amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc*., 770 F.2d 145, 148 (10th Cir. 1985). Plaintiff's breach of contract claim is capable of mathematical calculation. In its complaint, plaintiff alleges, and the court accepts as true,[1] that

---

[1] The court accepts as true all of the factual allegations of the complaint, except those relating to damages. *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir.1981) (after a Rule 55 default for failure to plead or otherwise defend, the court accepts as true all of the factual allegations of the complaint, except those relating to damages).

the parties entered into an agreement in February 2008 whereby plaintiff agreed to make a single advance term loan to defendant in the amount of $546,000.00 in exchange for defendant's promise to repay the loan at an agreed upon interest rate and to secure the loan with certain collateral. Pursuant to the agreement, defendant authorized plaintiff to automatically deduct loan payments of $5729.41 from defendant's primary bank account on a monthly basis. Several months after execution of the agreement, defendant failed to pay the monthly loan payment and further defaulted under the agreement by redirecting all deposits from Allstate Insurance Company (in the form of commissions, bonuses or other revenues due defendant from Allstate arising out of his exclusive agency agreement with Allstate) away from his primary bank account, thus restricting plaintiff's authorization to debit loan payments owed by defendant. In light of defendant's default, plaintiff exercised its right to demand immediate payment of all sums owed by defendant. To date, defendant has not repaid all sums owed under the agreement.

In further support of its motion for default judgment, plaintiff has submitted the commercial loan agreement executed by the parties as well as the affidavit of plaintiff's Chief Operating Officer, in which he calculates the specific amounts owed by defendant, including the remaining balance of the loan in the amount of $540,258.41; penalties as per the agreement in the amount of $17,640.10; and interest per the agreement in the amount of $41,450.10. To date, then, defendant owes plaintiff $599,348.61 for his breach of the loan agreement. In addition, plaintiff's counsel has submitted an affidavit in which he explains in detail the attorneys' fees incurred by plaintiff in connection with the litigation and he avers that plaintiff has incurred a

total of $4624.69 in fees and expenses to date.[2]

Based on the foregoing, the court concludes that default judgment against defendant is appropriate in the amount of $603,973.30.

**IT IS THEREFORE ORDERED BY THE COURT THAT** judgment be entered in favor of plaintiff against defendant on plaintiff's breach of contract claim in the amount of $603,973.30.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2009, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] The commercial loan agreement executed by the parties provides that the prevailing party in a lawsuit concerning the agreement is entitled to recover reasonable attorneys' fees and expenses.

3